# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC T. JACKSON,

    *Petitioner*,

vs.

CRAIG FARWELL, *et al.,*

    *Respondents*.

3:04-cv-0458-ECR-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court, following upon the petitioner's notice of appeal and request (#20) for certificate of appealability (COA), which respondents have opposed (#21). Petitioner is seeking to appeal the Court's dismissal of the petition as time-barred under 28 U.S.C. § 2244(d)(1).

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from

the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

On the second prong of the *Slack* standard, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed as time-barred.

Petitioner was convicted, following a guilty plea, of one count of attempt sexual assault and one count of attempt lewdness with a child under fourteen. He seeks to overturn the conviction based upon, in the main, the core factual allegation that he was not informed of the consequences and punitive nature of the special sentence of lifetime supervision that begins after he is released from incarceration. He does not, and can not, allege that he was not informed of the sentence of lifetime supervision prior to his plea or thereafter. In the written guilty plea agreement, he clearly acknowledged:

> **As to Counts I and II** – I further understand that the Court will include as part of my sentence, in addition to any other penalties provided by law, lifetime supervision commencing after any period of probation or any term of imprisonment and period of release upon parole; said special sentence of lifetime supervision must begin upon release from incarceration.

#13, Ex. 10, at CM/ECF document page 54. The judgment of conviction further expressly imposed the special sentence of lifetime supervision. #13, Ex. 11, at CM/ECF page 60. Petitioner thus does not claim that he did not know that the special sentence of lifetime supervision would be imposed or that it in fact was imposed. Rather, he claims that he was not informed of its consequences or its punitive nature, his express acknowledgment that it would be imposed "in addition to any other penalties" notwithstanding on the latter.

The judgment of conviction was entered on March 18, 2002. Petitioner did not take a direct appeal, and the time for doing so expired on or about April 17, 2002, starting the running of the federal limitations period. Absent tolling, the federal limitations period therefore would expire one year later, on or about April 17, 2003.

On February 21, 2003, petitioner, through counsel, filed a state court motion for reconsideration of his sentence based upon his prison rehabilitation efforts. The motion was denied shortly thereafter on March 12, 2003. #13, Exhs. 12-13, at CM/ECF pages 61-68.

Petitioner otherwise did not seek any state court relief before the state and federal limitations periods expired. His August 22, 2003, state post-conviction petition was dismissed as untimely; and the Supreme Court of Nevada affirmed the dismissal on appeal. The remittitur issued on August 24, 2004. Over and above the fact that the petition was not filed until after the federal limitations period expired, the untimely petition in any event would not statutorily toll the federal limitations period under *Pace v. Diguglielmo*, ___ U.S. ___, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Petitioner mailed his federal petition for filing no earlier than August 23, 2004, well over one year after the federal limitations period expired.

Petitioner has advanced no viable basis for tolling the federal limitations period. His allegation that he was not advised of the punitive consequences of lifetime supervision at the time of his plea is insufficient to equitably toll the federal limitations period. The AEDPA one-year statute of limitations may be equitably tolled only "if *extraordinary* circumstances beyond the prisoner's control make it impossible to file a petition on time." *E.g., Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)(emphasis in original). The petitioner has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstances and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is "unavailable in most cases;" and the threshold necessary to trigger equitable tolling is "very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066.

In petitioner's case, no extraordinary circumstance beyond his control made it impossible to file a timely petition. The particular consequences of lifetime supervision are a matter of Nevada statutory law under N.R.S. 213.1245. No extraordinary circumstance prevented petitioner at any time from presenting a claim that, *inter alia*, his plea was involuntary because he was not advised of particular statutory consequences of lifetime supervision. Further, as the Supreme Court of Nevada observed in affirming the dismissal of the state post-conviction petition, the December 2002 decision in *Palmer v. State*, 118 Nev. 823, 59 P.3d 1192 (2002), did not provide good cause for failing to seek relief sooner. *Palmer*

1 is inapposite to petitioner's claims because he in fact was informed that his sentence would
2 include lifetime supervision, which is what *Palmer* holds must be done. See #13, Ex. 25, at
3 CM/ECF page 157. Moreover, to the extent that *Palmer* otherwise might be relevant,
4 petitioner could have presented the claims on his own at any time prior to *Palmer*. At bottom,
5 if claimed ignorance of state statutory law, jurisprudence, and possible arguments that could
6 be made thereon constituted an "extraordinary circumstance" establishing equitable tolling,
7 up until the time that a habeas petitioner eventually developed a potential claim or issue
8 through legal research, then the exception indeed would swallow the rule.

9     The Court accordingly does not find that jurists of reason would find it debatable
10 whether the petition was properly dismissed as time-barred.

11     The Court further notes that petitioner's COA request seeks to obtain permission to
12 appeal based upon arguments that were not raised in the district court in petitioner's cursory
13 opposition to the motion to dismiss, such that the arguments would be raised for the first time
14 on the appeal. For example, petitioner did not argue in the opposition that the one year
15 limitations period has not yet started running because the sentence of lifetime supervision
16 does not go into effect until after his prison term. The late-breaking contentions do not have
17 arguable merit, however.

18     IT THEREFORE IS ORDERED that petitioner's motion (#20) for a certificate of
19 appealability is DENIED.

20     DATED this 21st day of February, 2006.

*[signature: Edward C. Reed]*

EDWARD C. REED
United States District Judge